UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN A. MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>    Defendants. | Case No. 13-cv-04092-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 17 |

Plaintiff Evelyn A. Morales ("Plaintiff"), proceeding pro se, brings this action seeking to prevent foreclosure of her home. She sues Defendants Bank of New York Mellon, CWALT, Bank of America, and Mortgage Electronic Registration Systems ("MERS") (together, "Defendants"), all of whom were involved in the securitization of Plaintiff's mortgage. Now pending before the Court is Defendants' Motion to Dismiss. (Dkt. No. 17.) Defendants seek to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted. Plaintiff essentially contends that Defendants' attempt to foreclose on her home is improper due to an alleged defect in the securitization of her mortgage. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and hereby GRANTS Defendants' motion to dismiss with partial leave to amend.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is the owner of real property located at 125 Nursery Way, South San Francisco, CA 94080 ("the Property"). (FAC ¶ 4.) Plaintiff obtained a promissory note for $750,000 from Alliance Bancorp in December 2006, the payments for which commenced around January 2007. (*Id.*, Ex. 3.) The mortgage promissory note ("the Note") was secured by a Deed of Trust ("DOT")

1  naming New Century Title Company as trustee and MERS as beneficiary.  (*Id*.)    Defendants

2  allege that Plaintiff stopped making mortgage payments in 2008.  (Dkt. No. 17 at n. 1.)  In

3  February 2010, Plaintiff filed a complaint in the Superior Court of the State of California in San

4  Mateo County alleging that she had received a notice of default, pleading many of the same causes

5  of action raised in the current action, and naming Alliance Bancorp, New Century Title Company,

6  and MERS as Defendants.[1]  (Dkt. No. 18-2, Ex. B.)  Thereafter, in May 2011, the DOT was

7  assigned to the Bank of New York Mellon.  (FAC, Ex. 8.)  The trustee was changed again in

8  September 2011 to ReconTrust.  (*Id.*, Ex. 9.)

9        In September 2011, Plaintiff received what appears to be another notice of default from

10  ReconTrust advising her that if her property was in foreclosure because she was behind in

11  payments, "it may be sold without any court action."  (*Id*., Ex. 10.)  The notice stated that the

12  default was in the amount of $205,947.08, and that the amount would "increase until [Plaintiff's]

13  account [became] current."  (*Id.*, Ex. 10.)  In November 2011, Plaintiff filed another action in San

14  Mateo County Superior Court, this time for quiet title, slander of title, and injunctive relief, and

15  naming Bank of America, the Bank of New York Mellon, CWALT, and "Mortgage Pass-Through

16  Certificates Series 2007-AL1."  (Dkt. No. 18-4, Ex. D.)  A first amended complaint was filed in

17  that case in April 2012.  (Dkt. No. 18-5, Ex. E.)   In July 2012, Plaintiff dismissed the action

18  voluntarily.  (Dkt. No. 18-7, Ex. G.)

19        On January 16, 2013, Plaintiff received a Notice of Trustee's Sale advising her of the

20  following: "You are in default under a deed of trust, dated 12/29/2006.  Unless you take action to

21  protect your property, it may be sold at a public sale."  (FAC, Ex. 11.)  The Notice of Trustee's

22  Sale also informed Plaintiff that "[t]he total amount of the unpaid balance with interest thereon of

23  the obligation secured by the property to be sold plus reasonable estimated costs, expenses and

---

[1] Defendants request that the Court take judicial notice of the Plaintiff's state court filings. (Dkt. No. 18.) Pursuant to Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Plaintiff here has not objected to Defendants' request for judicial notice. Accordingly, the Court GRANTS the Request for Judicial Notice as to Exhibits B, D, E, and G which are part of the public record and easily verifiable.

2

1   advances at the time of the initial publication of the Notice of Sale is $1,052.459.09." (*Id.*)

2   Thereafter, in September 2013, Plaintiff filed the initial complaint in the present lawsuit naming Bank of New York Mellon, Bank of America, Mortgage Electronic Registration Systems, ReconTrust Company, and CWALT as defendants. (Dkt. No. 1.) Plaintiff subsequently filed a "Motion to Dismiss for Lack of Jurisdiction" seeking to dismiss Defendant ReconTrust which the Court denied as moot because ReconTrust had not yet responded to the complaint. (Dkt. Nos. 5 & 12.) Prior to any Defendant appearing, Plaintiff filed a First Amended Complaint, which named all of the original Defendants with the exception of ReconTrust. (Dkt. No. 8.)

In her FAC, Plaintiff alleges that "Defendants are not [Plaintiff's] creditors and as such have no legal[,] equitable, or pecuniary right in this debt obligation in the loan. The promissory Note and Deed of Trust were never properly assigned to [CWALT] because the entities involved in the attempted transfer failed to adhere to the requirements set forth in the Pooling and Servicing Agreement and thus the note and Deed of Trust are not a part of the trust res." (FAC ¶ 2.) Plaintiff alleges eleven causes of action: 1) "To Set Aside Default"; 2) "Fraud"; 3) "To Quiet Title"; 4) "Declaratory Relief; 5) "Breach of Fiduciary Duty"; 6) "Breach of Covenant of Good Faith and Fair Dealing"; 7) "Injunctive Relief-Note/Deed [of] Trust"; 8) "Injunctive Relief"; 9) "Separation of Note and Deed of Trust"; 10) "No Holder in Due Course"; and 11) "Right of Rescission." (*Id.* ¶¶ 67-123.) Plaintiff seeks "declaratory judgment, injunctive and equitable relief, and . . . compensatory, special, general and punitive damages." (*Id.* ¶ 2.)

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short

3

1  and plain statement of the claim showing that the pleader is entitled to relief, in order to give the
2  defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550
3  U.S. at 554 (internal citations and quotations omitted).

4  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in
5  the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving
6  party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).
7  However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a
8  plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels
9  and conclusions, and a formulaic recitation of the elements of a cause of action will not do."
10 *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a
11 complaint states a plausible claim for relief . . . [is] a context-specific task that requires the
12 reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556
13 U.S. 662, 663-64 (2009).

14 Pro se pleadings are generally liberally construed and held to a less stringent standard. *See*
15 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the
16 Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal*, noting that
17 "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly
18 in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of
19 any doubt." *Id.* at 342 (internal quotations and citations omitted). Nevertheless, the Court may
20 not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of*
21 *the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

22 Generally, when a complaint is dismissed, "leave to amend shall be freely given when
23 justice so requires." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892 (9th Cir. 2010); *see*
24 Fed. R. Civ. P. 15(a). The Ninth Circuit has "repeatedly held that a district court should grant
25 leave to amend even if no request to amend the pleading was made, unless it determines that the
26 pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d
27 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

28

4

**DISCUSSION**

**I. Securitization**

The general theory underlying Plaintiff's FAC is that "none of the defendants is a legal successor in interest" and that the Defendants therefore lack standing to foreclose on Plaintiff's home. (FAC ¶¶ 7-12.) Plaintiff alleges that "no contract was ever signed by all the parties" and that there is no "evidence of a loan actually existing." (*Id.* ¶ 12.) Plaintiff further alleges that none of the Defendants have a security interest in her home because they failed to comply with the terms of the Pooling and Servicing Agreement. (*Id.* ¶ 14.)

On the first page of her FAC, Plaintiff cites *Glaski v. Bank of America* to support her argument that Defendants' allegedly improper securitization of her loan provides Plaintiff with a cause of action to avoid foreclosure. (*Id.* ¶ 1.) In *Glaski*, the California Court of Appeals held that a debtor had standing to challenge the securitization of his loan "if the defect asserted would void the assignment," rather than render the assignment merely voidable. *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079, 1095 (2013). While "Ninth Circuit district courts have come to different conclusions when analyzing a plaintiff's right to challenge the securitization process as Plaintiff has here," *Johnson v. HSBC Bank USA, Nat. Ass'n*, 2012 WL 928433, at *2 (S.D. Cal. Mar. 19, 2012), "[e]very court in [the Northern] district that has evaluated *Glaski* has found it is unpersuasive and not binding authority." *Zapata v. Wells Fargo Bank, N.A.*, 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (citing *Subramani v. Wells Fargo Bank N.*A., 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013) (Judge Samuel Conti); *Dahnken v. Wells Fargo Bank, N.A.*, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) (Judge Phyllis J. Hamilton); *Maxwell v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 6072109, at *2 (N.D. Cal. Nov. 18, 2013) (Judge William H. Orrick Jr.); *Apostol v. Citimortgage, Inc.*, 2013 WL 6140528, at *6 (N.D. Cal. Nov. 21, 2013) (Judge William H. Orrick Jr.)). Instead, courts in this district follow the majority approach set forth in *Jenkins v. JP Morgan Chase Bank, N.A.*, which held that "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [a plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Jenkins v. JP Morgan*

*Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013); *see also Ordono v. US Bank National Association*, 2014 WL 3610952, at *3 (N.D. Cal. July 21, 2014) ("[T]his Court agrees with the well-settled majority view and finds that plaintiff lacks standing to challenge whether the securitization or assignment of her loan was done improperly."). The Court here finds likewise and concludes that Plaintiff's securitization theory is not viable under *Jenkins*.

Most, if not all, of Plaintiff's causes of action appear predicated on this theory that Defendants lack standing to foreclose on her home because the Deed of Trust was improperly transferred such that none of the Defendants can show "proper receipt, possession, transfer, assignment and/or ownership of the Plaintiffs original Promissory Note and Deed of Trust, resulting in imperfect security interest and claims against Plaintiffs title." (FAC ¶ 65.) For example, Plaintiff's second cause of action for "Fraud" alleges that "Countrywide and the other Defendants did not pay any consideration for the Note and in fact were paid fees to act solely as an alleged Beneficiary for the real lenders. As a result the loan may have been transferred from company, or bundled together with other loans, pledged to quasi-governmental agencies and then sold as securities on the stock exchange . . . allow[ing] the Beneficiary to allegedly be changed without the necessity of completing the required 'assignment of deed of trust.'" (*Id*. ¶ 72.) Plaintiff's third cause of action to "Quiet Title" contends that "Defendants are without any right whatsoever and… have no right to title, estate, lien, or interest whatsoever in the above-described property or any part thereof." (*Id*. ¶ 83.) Plaintiff's fourth cause of action for "Declaratory Relief" similarly alleges that the Defendants "do not have authority to foreclose upon and sell Plaintiff's Property" and Plaintiff requests a "determination of the validity of the Trust Deeds" and "Notice of Default." (*Id*. ¶¶ 88, 90-91.) Plaintiff's seventh cause of action for "Injunctive Relief-Note/Deed pf [sic] Trust" alleges that Defendant should be required to provide the original note to determine "who owns the right to receive payments," "rights relating to said ownership," and to "determine if the notes have been sold to multiple parties." (*Id*. ¶ 106.) Again, in Plaintiff's eighth cause of action for "Injunctive Relief," she alleges that "Defendants have no such right, title or interest in the estate or the said property." (*Id*. ¶ 109.) Plaintiff's ninth cause of action for "Separation of Note and Deed of Trust" alleges that Defendants conspired to separate the

ownership of the Note and the Deed of Trust to render it unenforceable. (*Id*. ¶ 117.) The tenth cause of action, "No Holder in Due Course," alleges that Defendants have falsely claimed possession of the note and "concealed from Plaintiff the fact that the true parties of Interest are in the investors in a collateralized debt obligation debt obligation pool." (*Id*. ¶ 121.) Because each of these causes of action is predicated on the allegedly invalid securitization of Plaintiff's loan and/or the allegedly invalid assignment of Plaintiff's note or DOT, they must each be dismissed for failure to state a claim.

The only causes of action which could conceivably have an independent basis beyond the securitization theory are the First, Fifth, Sixth and Eleventh. For the reasons set forth below, these causes of action are likewise not viable.

**II. Plaintiff's Remaining Causes of Action**

**A. First Cause of Action: To Set Aside Default**

Plaintiff's first cause of action is "to Set Aside Default." The legal basis of the claim is unclear. Plaintiff first appears to allege that the Deed of Trust contains a condition precedent to initiating a foreclosure that Defendants failed to meet. Plaintiff cites the following excerpt from paragraph 20 of the Deed of Trust:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owned by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provision of this Section 20.

(*Id*., Ex. 3.)

Second, the cause of action cites to California Civil Code section 2932.5 and includes the following quote:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

(*Id.* ¶ 69.)

Plaintiff then alleges that "Defendants drafted the Deed of Trust and Plaintiff had no opportunity to [n]egotiate the terms of the instrument. Defendants failed to perform the condition precedent as required by Paragraph 20 of the Deed of Trust." (*Id.* ¶ 70.)

Although it is difficult to discern the contours of this claim, Plaintiff seems to be raising a breach of contract claim based on Defendants' alleged noncompliance with a condition precedent included in the DOT. An express agreement is shown through the direct spoken or written words of the parties. *Crawford v. Gould*, 56 F.3d 1162, 1168 (9th Cir. 1994). To state a claim for breach of contract, Plaintiffs must allege "[1] the existence of the contract, [2] performance by the plaintiffs or excuse for nonperformance, [3] breach by the defendant, [4] and damages." *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1066–67 (N.D. Cal. 2011). On the other hand, an implied agreement is shown by the acts and conduct of the parties. *Crawford*, 56 F.3d at 1168. The elements of a cause of action for either breach of an express contract or breach of an implied contract are the same. *Gomez v. Lincare, Inc.*, 173 Cal. App. 508, 525 (2009).

Plaintiff fails to plead any of the elements necessary to maintain a breach of contract claim. Further, the paragraph in the DOT that Plaintiff cites does not evince noncompliance with a condition precedent; rather, it merely states that the foreclosing party must afford the other party a reasonable period of time in which to take corrective action. At the latest, Plaintiff was notified that she was in default in February 2010 when she filed her first action in the San Mateo Superior Court seeking to stop nonjudicial foreclosure proceedings. (Dkt. No. 18-2, Ex. B.) But it was not until January 2013 that she received a notice of sale. (FAC, Ex. 11.)

To the extent Plaintiff seeks to state a claim under California Civil Code section 2932.5, such a claim fails as the power to foreclose was conveyed to Defendants in the Deed of Trust via the subsequent assignments. Further, California Civil Code section 2940(a)(1) grants Defendants

8

the statutory right to foreclose on Plaintiff's property by vesting such power in any "trustee, mortgagee, or beneficiary, or any of their authorized agents." *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011) (holding the same).

Accordingly, Plaintiff's first cause of action is dismissed for failure to state a claim.

### B. Fifth Cause of Action: Breach of Fiduciary Duty

Plaintiff argues that Defendants breached their fiduciary interest to Plaintiff when they "sold loans without due care to the best interests of Plaintiff," solely "for the protection of [Defendants'] rights." (*Id.* ¶ 97.) However, as Defendants correctly contend, a lending entity does not owe a fiduciary duty to the borrowing entity. "Indeed, such parties are adversaries, not fiduciaries." *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1288 (D. Nev. 2010); *see also Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007) (holding that, as a matter of law, a fiduciary relationship presumptively does not exist between lender and borrower). Accordingly, Plaintiff's breach of fiduciary duty claim is dismissed with prejudice.

### C. Sixth Cause of Action: Breach of Covenant of Good Faith and Fair Dealing

Plaintiff argues that Defendants breached the implied covenant of good faith and fair dealing, which required Defendants "to safeguard, protect, or otherwise care for the assets and rights of Plaintiff." (FAC ¶ 100.) This covenant was allegedly breached when Defendants commenced foreclosure proceedings against the Property "without the production of original, and other documents, demonstrating the lawful rights for the foreclosure." (*Id.* ¶ 101.) Defendants contend that there was no breach of the covenant of good faith and fair dealing because Defendants' right to collect payments and foreclose on the property in the event of non-payment was part of the parties' express agreement.

Indeed, Plaintiff expressly assented to Defendants' power of sale and authority to initiate foreclosure proceedings in the DOT. (*Id.*, Ex. 3.) In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), the plaintiff brought an action against a lender to challenge the securitization of his loan after defaulting on his loan payments. As here, the plaintiff in *Gomes* had assigned "the right to foreclose and sell the property" in the deed of trust. *Gomes*, 192 Cal.

9

1  App. 4th at 1157.  The court thus rejected Plaintiff's challenge to MERS's authority to foreclose

2  because "[plaintiff's] agreement that MERS has the authority to foreclose thus precludes him from

3  pursuing a cause of action premised on the allegation that MERS does not have the authority to do

4  so." *Id.*; *see also Pantoja v. Countrywide Home Loans, Inc*. 640 F.Supp.2d 1177, 1189 (N.D. Cal.

5  2009) (concluding that "[s]ince Plaintiff granted MERS the right to foreclose in his contract, his

6  argument that MERS cannot initiate foreclosure proceedings is meritless." ).

7  There was therefore no breach of the implied covenant of good faith and fair dealing as

8  Defendants were acting within the express terms of the DOT, and this cause of action is dismissed

9  for failure to state a claim.

### D.  Eleventh Cause of Action: Right of Rescission

Plaintiff argues that she is entitled to rescission of the loan pursuant to citing to the Uniform Commercial Code ("UCC") section 3-306.  However, "California Civil Code section 2924, not the UCC, governs nonjudicial foreclosures." *Rieger v. Wells Fargo Bank, Nat. Ass'n*, 2013 WL 1748045, at *8 (N.D. Cal. Apr. 23, 2013); *see also Caovilla v. Wells Fargo Bank, N.A.*, 2013 WL 2153855, at *4 (N.D. Cal May 16, 2013) ("California federal courts refuse to apply the UCC to nonjudicial foreclosures.").  Accordingly, Plaintiff's rescission claim predicated on the UCC is dismissed with prejudice.

## III.  Leave to Amend

Plaintiff's causes of action predicated on the securitization of the loan theory are dismissed with prejudice as they fail as a matter of law.  Plaintiff's causes of action for breach of fiduciary duty and rescission under the UCC are likewise dismissed with prejudice as they fail as a matter of law.  Plaintiff is granted leave to amend and file a second amended complaint to the extent that she has other legal claims.  Any amended complaint may not re-allege claims that are based on challenges to the securitization process or any allegedly improper assignment of Plaintiff's note or deed of trust.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendants' motion to dismiss with leave to amend in part.  Plaintiff may file an amended complaint within 20 days of this Order.  To

the extent Plaintiff files a second amended complaint, she shall clearly and concisely set forth the legal and factual basis for each cause of action, including the statute or law under which the cause of action is brought. Plaintiff may not allege any causes of action predicated on defects in the securitization of her loan. Plaintiff is warned that failure to file an amended complaint within 20 days will result in judgment in favor of Defendants.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: July 30, 2014

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge